Dennis P. Conner
Keith D. Marr
Gregory G. Pinski
J.R. Conner
CONNER, MARR & PINSKI, PC
P. O. Box 3028
Great Falls, MT 59403-3028
Phone: (406) 727-3550
Fax: (406) 727-1640
Email: dennis@mttrials.com
      keith@mttrials.com
      greg@mttrials.com
      JR@mttrials.com





2023 FEB 27 PH 2: 50

*Attorneys for Plaintiff*

## MONTANA EIGHTH JUDICIAL COURT, CASCADE COUNTY

| | |
|---|---|
| DAN JACOBSON<br><br>    Plaintiff,<br><br>vs.<br><br>DOES 1 - 10,<br><br>    Defendants. | Cause No. **B DV-23-01 05**<br><br>ELIZABETH A. BEST<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff by and through his attorneys, Conner, Marr & Pinski, PC, and for his Complaint against Defendants alleges as follows:

### PARTIES

1. Plaintiff Dan Jacobson is a resident and citizen of Montana, and resides in Cascade County, Montana.

2. The true names or capacities, whether individual, corporate, associated, affiliated or otherwise of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff will amend this Complaint and Jury

*Complaint and Demand for Jury Trial*



EXHIBIT
**A**

*Page 1*

Demand to state the true names and capacities of Does 1-10 when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants may be legally responsible in some manner for the occurrences alleged herein, and that Plaintiff's damages may have been proximately caused by said Defendants' unlawful acts or omissions. Defendants Does 1-10 are natural persons, corporations, partnerships, joint ventures, governmental entities, political subdivisions, or other legal entities who may be legally liable for Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action and personal jurisdiction over each of the parties.

4.      Venue is proper in Cascade County because Plaintiff's injuries occurred in Cascade County, Montana.

5.      Defendant Doe 1 (hereinafter "Doe") designed, manufactured, assembled, marketed, advertises, sold and/or distributed a Subject Stool. The Subject Stool moved in the stream of commerce to Montana where it was used by Plaintiff, a Montana citizen, in the state of Montana.

6.      Plaintiff resides in Montana and the harm caused by the Subject Stool occurred in Montana. The Subject Stool was transported in the stream of commerce to Montana as Defendant Doe intended it would be. All fact witnesses are in Montana.

## FACTUAL ALLEGATIONS

7.      Defendant Doe designed, manufactured, assembled, marketed, advertised, supplied, distributed, and/or sold a stool (the "Subject Stool").

*Complaint and Demand for Jury Trial*                                      *Page 2*

8.     On or about April 2, 2020, Plaintiff Dan Jacobson was sitting in the Subject Stool when the Subject Stool collapsed.

9.     Plaintiff sustained significant and permanent injuries as a result of the collapse of the Subject Stool.

10.     At all times relevant to this Complaint, nothing had been done to change or alter the design of the Subject Stool, and any changes in its condition were foreseeable when sold and distributed by Defendant Doe.

11.     On April 2, 2020, the Subject Stool was in substantially the same condition as when it was originally sold and placed into the stream of commerce by Defendant Doe, and nothing had been done to change or alter the design of the Subject Stool.

## COUNT I
## STRICT LIABILITY – DESIGN DEFECTS
## (AGAINST DEFENDANT DOE)¶

12.     Plaintiff incorporates all previous paragraphs as if fully reproduced.

13.     The Subject Stool was in a defective condition because of a defective design when used as designed, developed, tested, assembled, manufactured, marketed, distributed, and sold by Defendant Doe.

14.     Due to defects in Defendant Doe's design of the Subject Stool, the Subject Stool collapsed, resulting in the injuries to Plaintiff.

15.     The defective nature of the design of the Subject Stool includes:

    (a)     The Subject Stool is defective in design because it has a tendency to collapse when used as intended by the manufacturer; and

    (b)     The Subject Stool is defective in design because safer alternative designs were economically and technologically feasible when the Subject Stool left the control of Defendant Doe.

16.    As a direct and proximate result of the defective condition of the Subject Stool because of its defective design, the incident occurred and Plaintiff was injured, resulting in damages, harms, and losses, for which Plaintiff seeks to recover damages.

## COUNT II
## STRICT LIABILITY – FAILURE TO WARN
## (AGAINST DEFENDANT DOE)

11.    Plaintiff incorporates all previous paragraphs as if fully reproduced.

12.    The Subject Stool was in a defective condition because of Defendant Doe's failure to adequately warn consumers and users about risk of serious injury associated with the Subject Stool, including:

(a)    Its tendency to collapse when used as intended by the manufacturer; and

(b)    Its tendency to perform in an unsafe manner when used as intended in foreseeable situations.

13.    As a direct and proximate result of the defective condition of the Subject Stool because of Defendant Doe's failure to warn, the incident occurred and Plaintiff was injured, resulting in damages, harms, and losses, for which Plaintiff seeks to recover damages.

## COUNT III
## NEGLIGENCE
## (AGAINST DEFENDANT DOE)

14.    Plaintiff incorporates all previous paragraphs as if fully reproduced.

15.    At all times relevant to this Complaint, Defendant Doe held itself out to the public as having specialized knowledge in designing and manufacturing stools, like the Subject Stool. Defendant Doe owed consumers, including Plaintiff, a duty to use reasonable care in the testing, design, manufacture, assembling, preparation, instructing, and warnings concerning the Subject Stool.

16. Because of the knowledge Defendant Doe had, or should have had, related to stools and injuries sustained by users of stools, like the Subject Stool, the negligence of Defendant Doe includes:

(a) Defendant Doe's failure to use the care in testing, designing, manufacturing, and assembling the Subject Stool that a reasonably careful designer, manufacturer or seller would use in similar circumstances to avoid exposing others to a foreseeable risk of harm;

(b) Defendant Doe's failure to design the stool without sufficient strength to be used as intended without collapsing;

(c) Defendant Doe's failure to reasonably test the stool for a collapse failure;

(d) Defendant Doe's failure to warn about the dangerous propensities of the Subject Stool which Defendant Doe knew or had reason to know would expose others to a foreseeable risk of harm; and

(e) Defendant Doe's failure to disclose known defects, dangers, and problems regarding the Subject Stool.

17. As a direct and proximate result of Defendant Doe's negligence, the incident occurred and Plaintiff was injured, resulting in damages, harms, and losses for which Plaintiff seeks to recover damages.

## COUNT IV
## CLAIM FOR PUNITIVE DAMAGES
## (AGAINST DEFENDANT DOE)

18. Plaintiff incorporates all previous paragraphs as if fully reproduced.

19. Defendant Doe had actual knowledge of facts and/or intentionally disregarded facts that created a high probability of injury to Plaintiff and users of the Subject Stool and stools of the same model as the Subject Stool.

20. Defendant Doe deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Plaintiff and other such users and/or deliberately proceeded to

act with indifference to the high probability of injury to Plaintiff and other such users. Defendant Doe is guilty of malice as defined by Montana law, under § 27-1-221, MCA, and should be punished and made an example of to discourage Defendant Doe and others from engaging in like conduct in the future, through an assessment of punitive damages.

## PLAINTIFF'S DAMAGES

21.    Plaintiff incorporates all previous paragraphs as if fully reproduced.

22.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff suffered serious and permanent damages including, but not limited to, physical injury, physical pain and suffering, economic losses, and emotional distress and mental pain and suffering.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for judgment against Defendants as follows:

1.    Reasonable compensation for past and future medical expenses;

2.    Reasonable compensation for past and future physical and mental pain and suffering and emotional distress;

3.    Reasonable compensation for past and future loss of personal and household services;

4.    Reasonable compensation for past and future loss of established course of life;

5.    Reasonable compensation for past and future lost earnings;

6.    Punitive and exemplary damages in an amount sufficient to punish Defendants and deter them and others similarly situated from engaging in similar wrongdoing;

7.    Costs and disbursements incurred; and

8.      Such other relief as the Court deems appropriate.


Dated this 27th day of February, 2023.


                                        CONNER, MARR & PINSKI, PC


                                        By: _____
                                             I. R. Conner
                                             P. O. Box 3028
                                             Great Falls, MT 59403-3028
                                             *Attorneys for Plaintiff*


*Complaint and Demand for Jury Trial*                                    *Page 7*